**Willie B. HADLEY, Jr., Plaintiff–Appellant,**

v.

**Larry TAYLOR, et al., Defendants–Appellees.**

No. 00–2020.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 2001 *.

Decided Sept. 10, 2001.

Before FLAUM, Chief Judge, EASTERBROOK,KANNE, Circuit Judges.

### ORDER

Illinois inmate Willie Hadley brought suit under 42 U.S.C. § 1983, alleging that several employees of Centralia Correctional Center discriminated against him in assigning prison jobs because he is black. The district court granted summary judgment for the defendants and Hadley appeals. We affirm.

In his complaint Hadley first alleged that in 1997 defendants Larry Taylor, the prison's library manager, and Mike Richards, Taylor's supervisor, selected

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

white inmates to work as law clerks in the library even though he was more qualified for the job. Because Hadley had no direct evidence of discrimination, he had to prove his claim with circumstantial evidence under the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Ibarra v. Martin,* 143 F.3d 286, 291 (7th Cir.1998) (discrimination claims under § 1983 may be proven either directly or indirectly under the *McDonnell Douglas* formula); *Pilditch v. Bd. of Educ. of the City of Chi.,* 3 F.3d 1113, 1116 (7th Cir. 1993) (same). The district court concluded that Hadley failed to prove discrimination under that framework, and we agree. Assuming that Hadley established a prima facie case of discrimination (and the defendants concede as much in their brief), the defendants articulated a legitimate nondiscriminatory explanation—that Hadley was not suited for the library clerk position because, according to Taylor, he had an "extremely poor temperament and disposition" and could not interact well with staff members and other inmates. Hadley argues that this explanation is pretextual and offers as evidence letters from faculty members at Roosevelt University in Chicago who attest to his ability to work well with others. But those letters, which were written in support of Hadley's application for parole in 1993, cannot establish that the defendants' proffered reason is pretextual; the question is not whether Hadley actually had a poor temperament but whether Taylor honestly believed that he did. *See Johnson v. Nordstrom, Inc.,* 260 F.3d 727, 733 (7th Cir.2001); *Sirvidas v. Commonwealth Edison Co.,* 60 F.3d 375, 378 (7th Cir.1995). And third-party assessments of Hadley's character are not relevant to that determination. *See Abioye v. Sundstrand Corp.,* 164 F.3d 364, 369 (7th Cir.1998); *McClendon v. Ind. Sugars, Inc.,* 108 F.3d 789, 799 (7th Cir. 1997); *Rabinovitz v. Pena,* 89 F.3d 482,

487 (7th Cir.1996); *Sirvidas,* 60 F.3d at 378.

▉ Hadley also contends that Taylor could not have known whether Hadley had a poor temperament because he had insufficient opportunity to observe Hadley's behavior. In support of this argument, Hadley points to a statement in his own affidavit that Taylor kept the door to his office "closed or partially shut most of the time, so it would be very difficult for him to overhear [Hadley's] conversations." This evidence does not raise a triable issue on pretext, however, because in the same affidavit Hadley admits that he spoke directly to Taylor once every two or three days. We further conclude that Hadley's evidence of his academic qualifications does not raise a triable issue. Hadley's academic qualifications simply are not relevant to the question whether Taylor honestly believed that Hadley did not have the proper temperament to be a library clerk.

▉ Hadley's second claim—that his equal protection rights were violated because he was paid less for his job as a janitor than were those inmates assigned to the "shower crew"—is frivolous. The pay rates for janitors and the shower crew were set by prison regulations, and Hadley offered no evidence to support his allegation that the defendants' decision to hire him as a janitor was motivated by race. In a related argument, Hadley maintains that defendant Sharon O'Dell discriminated against him by forcing him to clean the showers after a white janitor had already cleaned them. But again Hadley presented no evidence to support his allegation of discriminatory intent, and so summary judgment was appropriate.

AFFIRMED.